**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIE J. CAUSEY, JR., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION, Trustee for Lehman Brothers-Structured Asset Investment Loan Trust Sail 2006-BNC3, <br><br> Defendant - Appellee. | No. 10-56021 <br><br> D.C. No. 2:08-cv-03460-JHN-CW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before:  B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Willie J. Causey, Jr. appeals the district court's grant of summary judgment

for defendant U.S. Bank National Association on his Truth in Lending Act claim to

rescind his mortgage refinancing loan with the defendant.  Reviewing de novo, we

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

reverse and remand. *See Blue Lake Rancheria v. United States*, 653 F.3d 1112, 1115 (9th Cir. 2011).

It is undisputed that the plaintiff effectively invoked his absolute right to rescind the transaction within three business days of the loan closing. It is also undisputed that the lender ignored the plaintiff's rescission notice and proceeded to fund the loan. The district court erred in ruling that the plaintiff was required to tender the borrowed funds to the defendant before the defendant was obligated to release its lien. In an uncontested rescission as here, the default sequence under the Act requires the creditor to release its lien before the consumer must tender. *See* 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2)–(3).

Although the district court is authorized to modify the default sequence, that authority ends once rescission is accomplished. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(4). In a case where the creditor disputes the consumer's asserted ground for rescission, rescission is not accomplished until a court determines that the consumer had the right to rescind. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003). But in a case where the creditor acquiesces in the consumer's notice of rescission or fails to respond within the 20-day response period, rescission is accomplished automatically. *See id.*

Here, the undisputed facts show that the plaintiff timely mailed his rescission notice, and the defendant failed to dispute it within 20 days — thus accomplishing rescission automatically and triggering the default sequence under the regulations.

On remand, the district court should order that the defendant release its lien on the plaintiff's home and determine the amount that the plaintiff must then tender to the defendant. Also, the plaintiff may present evidence to support his assertion that he attempted to tender in 2006 but the defendant did not timely take possession of the tender he offered.

**REVERSED AND REMANDED.**